## National Decorating Company v. The Scull Company.

*Carr & Krauss,* for plaintiff.
*James F. McMullan* and *F. C. Clark,* for defendant.

MARTIN, P. J., April 15, 1929.—On Nov. 9, 1928, judgment was entered in favor of Charles M. Keegan, trading as National Decorating Company, against The Scull Company, a corporation, in Magistrate's Court No. 10. On Nov. 16, 1928, a *certiorari* was issued to the return made by the magistrate certifying that on Oct. 31, 1928, a writ of summons was served by a constable, by leaving a true and attested copy with Mr. L. Gabriel, a person in charge of defendant's place of business, and informing him of the contents. On Dec. 17, 1928, exceptions were filed because the record failed to show that a proper legal service was made on defendant; the record does not affirmatively show jurisdiction of the person of the defendant; the service was defective in returning that the defendant was served by leaving a true and attested copy of the original summons with Mr. L. Gabriel, the person in charge of the within-named defendant's place of business, without stating that an attempt was made to serve an officer, director, chief clerk or agent of the defendant, or that the constable was unable, upon inquiry, to ascertain the residence of any such officer, director, chief clerk or agent of the defendant within the county, in accordance with the requirements of the act of assembly in such case made and provided; the service was defective in attempting to state that the defendant was served by leaving a true and attested copy of the original summons with Mr. L. Gabriel, the person in charge of the within-named defendant's place of business, and the return shows on its face that the person upon whom the service was made is not in charge of defendant's place of business within the jurisdiction; there is no return by the constable sworn to on the record or any part thereof, and it is averred that the record is false in stating that James F. McMullan appeared as attorney for defendant on Nov. 9, 1928.

The deposition of James F. McMullan was taken, in which he testifies that he did not appear for the defendant in the proceeding before the magistrate. If the record of the justice showed no irregularity, this deposition would not be admissible; but the return is irregular on its face, and it was proper to show that an appearance was not made generally for the defendant.

The return made by the constable to the summons issued by the magistrate shows on its face that service was not made in accordance with the requirement of law; that there was no inquiry made as to the residence of one of the officers of the defendant within the county or attempt to serve the writ at the residence of the president, secretary, treasurer, cashier, chief clerk or other executive officer.

To make the service of a writ upon an agent of a corporation legal, the sheriff or constable must first, upon inquiry at the office or place of business, be unable to ascertain the residence of one of the officers of the corporation within the county. A return that does not show such inquiry is defective: Hoefling v. Pelican Mutual Life Ins. Co., 23 Dist. R. 117.

The deposition proved that no appearance for the defendant was entered in the magistrate's court. Where there is no appearance, to make the service of a summons valid, there must be either an oath administered and certified by the magistrate on the back of the summons, or the constable must be sworn and his testimony made a part of the record: Byerly v. Consolidated Real Estate Co., 13 Dist. R. 746; Streuber v. McFayden, 14 Dist. R. 242; Lybarger v. Haupt, 10 D. & C. 728.

And now, to wit, April 15, 1929, the exceptions filed on behalf of defendant are sustained and the judgment before the magistrate reversed.